**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an Immigration Judge**

*Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.*

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

Victor Noe LAJUJ IBOY
A 240487281

For Official Use Only

**!** **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.** I am ☐ the Respondent/Applicant ☑ DHS-ICE *(Mark only one box.)*

**3.** I am ☑ DETAINED ☐ NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at Chelmsford EOIR, Chelmsford, Massachusetts _____ *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☐ I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated_____.

☑ I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated
July 24, 2025 _____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? ☑ Yes. ☐ No.)

☐ I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated_____.

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form EOIR-26
Revised Sept. 2019

**6.** **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

Please see attached addendum.

*(Attach additional sheets if necessary)*

**WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

**7.** Do you desire oral argument before the Board of Immigration Appeals?  ☐ Yes  ☑ No

**8.** Do you intend to file a separate written brief or statement after filing this Notice of Appeal?  ☑ Yes  ☐ No

**WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule..

**9.**

| Sign Here ➡ | X KENDELL J JOHNSON  Digitally signed by KENDELL J JOHNSON Date: 2025.08.05 09:13:06 -04'00' | 08/05/2025 |
|---|---|---|
| | Signature of Person Appealing *(or attorney or representative)* | Date |

Form EOIR-26
Revised Sept. 2019

**Page 2 of 3**

**10.**

**Mailing Address of Respondent(s)/Applicant(s)**

Victor Noe Lajuj Iboy
_____
(Name)

26 Long Pond Rd.
_____
(Street Address)

_____
(Apartment or Room Number)

Plymouth, MA 02360
_____
(City, State, Zip Code)

5088306200
_____
(Telephone Number)

**11.**

**Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)**

Rachel Richardson Bocel, Esq.
_____
(Name)

100 Cambridge St.
_____
(Street Address)

_____
(Suite or Room Number)

Boston, MA, 02114
_____
(City, State, Zip Code)

4137689207
_____
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.**

**PROOF OF SERVICE (You Must Complete This)**

I ACC Kendell Johnson _____ mailed or delivered a copy of this Notice of Appeal
    (Name)

on August 5, 2025 _____ to Victor Noe Lajuj Iboy & Rachel Richardson Bocel, Esq.
    (Date)                        (Opposing Party)

at 26 Long Pond Rd., Plymouth, MA 02360, and 100 Cambridge St., Boston, MA 02114
    (Number and Street, City, State, Zip Code)

| **SIGN HERE** ➡ | X KENDELL J JOHNSON | Digitally signed by KENDELL J JOHNSON Date: 2025.08.05 09:13:43 -04'00' |
| --- | --- | --- |
| | Signature | |

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

**HAVE YOU?**

☑ Read all of the General Instructions
☑ Provided all of the requested information
☑ Completed this form in English
☑ Provided a certified English translation for all non-English attachments
☑ Signed the form

☑ Served a copy of this form and all attachments on the opposing party
☑ Completed and signed the Proof of Service
☑ Attached the required fee or Fee Waiver Request
☑ If represented by attorney or representative, attach a completed and signed EOIR-27

**Page 3 of 3**

Form EOIR-26
Revised Sept. 2019

*Lajuj Iboy, Victor Noe, A240-487-281*

## EOIR-43 Senior Legal Official Certification

I certify that I have approved the filing of the notice of appeal in this case according to review procedures established by U.S. Immigration & Customs Enforcement of the Department of Homeland Security.

I further certify that I am satisfied that the evidentiary record supports the contentions justifying the continued detention of the alien and the legal arguments are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing precedent or the establishment of new precedent.

8/4/2025

VANESSA R WOODMAN DE LAZO

Digitally signed by VANESSA R WOODMAN DE LAZO
Date: 2025.08.04 08:01:51 -04'00'

_____
Date

_____

*Vanessa Woodman de Lazo*
Acting Chief Counsel
U.S. Immigration & Customs Enforcement

**Victor Noe LAJUJ IBOY**
**A 240487281**
(Form EOIR-26, Notice of Appeal – Continuation of Item #6)

The Department of Homeland Security (DHS) is appealing the decision of the Immigration Judge dated July 24, 2025 ordering the respondent released from DHS custody pursuant to INA § 236(a). The respondent, who is present in the United States without admission or parole, is an applicant for admission in INA § 240 removal proceedings and is therefore detained pursuant to INA § 235(b)(2)(A). An "applicant for admission" is an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1). INA § 235 is the applicable immigration detention authority for all applicants for admission.

Applicants for admission "fall into one of two categories, those covered by [INA § 235(b)(1)] and those covered by [INA § 235(b)(2)]." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). INA § 235(b)(1) applies to aliens subject to expedited removal. *See* INA § 235(b)(1)(B)(ii), (iii)(IV); *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019) (holding that aliens present without admission or parole placed in expedited removal and later transferred to INA § 240 removal proceedings after establishing a credible fear of persecution or torture are subject to detention under INA § 235(b)(1) and are ineligible for release under INA § 236).

On the other hand, INA § 235(b)(2) "is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by [INA § 235(b)(1)]." *Jennings*, 583 U.S. at 287; *see* INA § 235(b)(2)(A), (B). Under INA § 235(b)(2), an alien "who is an applicant for admission" shall be detained for a removal proceeding "if the examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted." INA § 235(b)(2)(A).

Aliens detained pursuant to INA § 235 may only be released pursuant to DHS's discretionary parole authority under INA § 212(d)(5). Nevertheless, the Immigration Judge ordered the respondent's release from DHS custody pursuant to INA § 236(a).

The DHS reserves the right to appeal any other issue that may arise upon examination of the record of bond proceedings and the Immigration Judge's written bond memorandum.