**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

VICTOR LAJUJ IBOY,

     Petitioner,

v.

PATRICIA H. HYDE, Acting Field Office Director,
Immigration and Customs Enforcement, Enforcement
and Removal Operations, Boston Field Office,
ANTONE MONIZ, Superintendent, Plymouth County
Correctional Facility, TODD LYONS, Acting
Director, Immigration and Customs Enforcement,
KRISTI NOEM, Secretary, Department of Homeland
Security, PAMELA BONDI, Attorney General of the
United States,

     Respondents.

CA No.: 1:25-CV-13072-AK

## RESPONDENTS' ABBREVIATED AMENDED RESPONSE
## TO PETITION FOR WRIT OF HABEAS CORPUS

In light of Petitioner's Reply in Support of Petition for a Writ of Habeas Corpus (ECF Doc. 13), Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this Amended Abbreviated Response to the Petition for Writ of Habeas Corpus ("Petition") (ECF Doc. 1) filed by Victor Lajuj Iboy ("Petitioner").

In his original Petition (ECF Doc. 1), Petitioner challenged the automatic stay regulation, arguing that it violated due process and the INA. (ECF Doc. 1 at 6 – 20). Respondents had opposed the Petition's challenges to the stay. (ECF Doc. 11).

In his Reply brief Petitioner concedes that "Petitioner's initial challenge to the auto-stay is moot and need not be addressed by the Court." (ECF Doc. 13 at 4). Instead, in the Reply

1

brief, Petitioner argues that he is not subject to the mandatory detention authority of 8 U.S.C. § 1225, but instead is subject to Section 1226(a), which provides for discretionary detention. (ECF Doc. 13 at 2-11). He requests that this Court reinstate the Immigration Court's order allowing his release upon the posting of a $7,000 bond. (ECF Doc. 13 at 11). Respondents concede that this Court's recent decision in *Edgar Fabricio Amaya Sanchez v. Moniz et al.*, 25-cv-12806-AK, Doc. No. 10 (D. Mass. October 8, 2025), controls this case.

Accordingly, Respondents submit the following abbreviated amended response to the Petition to expedite the Court's consideration of this matter and conserve the resources of the parties and the Court. Respondents' abbreviated response relies upon, and incorporates by reference, the legal arguments that respondents presented in *Amaya Sanchez*.

## BACKGROUND FACTS

Petitioner is a native and citizen of Guatemala. (Declaration of Assistant Field Office Director Keith Chan ("Chan Decl.") ¶ 5) (Exhibit A).

At an unknown place and on an unknown date, Petitioner entered the United States without inspection, admission, or parole by an immigration officer, and at a place which was not a port of entry or another place designated by the Attorney General. *Id*. ¶ 5.

On or about June 19, 2025, ICE encountered the Petitioner and determined that he had entered the United States without inspection, admission, or parole, and that he did not possess any documents to allow him to remain in the United States lawfully. *Id*. ¶ 6. Thereafter, ICE arrested the Petitioner and detained him pursuant to 8 U.S.C. § 1225(b)(2). *Id*. ¶ 7.

On or about the same day, ICE served the Petitioner with a Notice to Appear ("NTA"), charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). *Id*. ¶ 8. Also on the same day, the Petitioner was booked into the Plymouth County Correctional Facility in Plymouth,

2

Massachusetts. *Id.*

On or about June 25, 2025, the Chelmsford Immigration Court accepted the Petitioner's NTA and initiated removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* ¶ 9.

On or about July 11, 2025, the Petitioner filed a motion for a custody redetermination hearing with the Chelmsford Immigration Court. *Id.* ¶ 10.

On or about July 24, 2025, the Chelmsford Immigration Court held a custody redetermination hearing, at which ICE argued that the Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. *Id.* ¶ 11. On the same day, the Immigration Judge found that the Petitioner qualified for a hearing under 8 U.S.C. § 1226 and granted release from custody under bond of $7,000. ICE reserved appeal. *Id.*

On or about July 25, 2025, ICE filed a Notice of ICE Intent to Appeal Custody Determination, invoking the 90-day automatic stay of the Immigration Judge's bond order. *Id.* ¶ 12.

On or about August 5, 2025, ICE filed the notice of appeal along with the appropriate certification with the Board of Immigration Appeals ("BIA") to perfect the 90-day automatic stay of the Immigration Judge's bond order. *Id.* ¶ 13.

On or about October 9, 2025, ICE filed a Motion for Discretionary Stay with the BIA requesting the BIA to stay the Immigration Judge's bond order while the bond appeal remained in a pending status. *Id.* ¶ 14. The BIA granted ICE's discretionary stay request the same day. *Id.*

On or about October 21, 2025, the BIA sustained ICE's appeal and vacated the Immigration Judge's bond order, finding the Immigration Judge lacked the authority to consider the Petitioner's custody redetermination request. *Id.* ¶ 15.

3

The Petitioner remains in removal proceedings before the Immigration Court. *Id.* ¶ 16. The Petitioner remains detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. *Id.* ¶ 16.

### DISCUSSION

Respondents' position remains that the Court should deny the Petition because Petitioner is an applicant for admission, which means 8 U.S.C. § 1225(b)(2)(A) authorizes Petitioner's detention, and the due process clause provides Petitioner only those rights conferred by statute. Respondents further note that the Board of Immigration Appeals recently held that noncitizens "who are present in the United States without admission are applicants for admission" who "must be detained for the duration of their removal proceedings." *See generally Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (B.I.A. 2025). However, Respondents concede that this case is materially similar to this Court's decision in *Amaya Sanchez*, in which the Court held that 8 U.S.C. § 1226(a)—not § 1225(b)—governed petitioner's detention. *Amaya Sanchez v. Moniz et al.*, 25-cv-12806-AK, Doc. No. 10 at 4 (D. Mass. October 8, 2025). Should the Court apply the reasoning of *Amaya Sanchez*, it would likely reach the same result here. Accordingly, Respondents respectfully submit that the Court may resolve the Petition without further briefing or oral argument.[1] Respondents thank the Court for its consideration of this abbreviated submission.

---

[1] Respondents submit that the Court's decision in *Amaya Sanchez* is dispositive here. However, Respondents will provide further briefing on any issue that respondents did not address in *Amaya Sanchez*, if the Court would like Respondents to do so.

4

**CONCLUSION**

For the foregoing reasons, the Court should deny the Petition.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: November 4, 2025          By:  */s/ Shawna Yen*
                                       Shawna Yen
                                       Assistant U.S. Attorney
                                       U.S. Attorney's Office
                                       John J. Moakley U.S. Courthouse
                                       1 Courthouse Way, Suite 9200
                                       Boston, MA  02210
                                       Tel.: 617-748-3100
                                       Email: Shawna.Yen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  November 4, 2025          By:  */s/ Shawna Yen*
                                       SHAWNA YEN
                                       Assistant United States Attorney